UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TABITHA S. ROUNDTREE,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                              /

Case No. 06-15723

Honorable Patrick J. Duggan

**<u>OPINION AND ORDER</u>**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 4, 2008.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

Tabitha S. Roundtree ("Plaintiff") applied for Supplemental Security Income ("SSI") and Social Security Disability Insurance Benefits ("DIB") on May 21, 2004. In her applications, Plaintiff alleged disability beginning May 9, 2004, at age 24, due to lupus and rheumatoid arthritis. The Social Security Administration denied Plaintiff benefits initially on September 1, 2004, prompting Plaintiff to request an administrative hearing. On April 11, 2006, an administrative hearing was held before Administrative Law Judge Alfred H. Varga ("ALJ"). Plaintiff was represented by an attorney, and Vocational Expert Raymond Dulecki ("VE") testified at the hearing. In his decision issued on August 2, 2006, the ALJ concluded that Plaintiff did not have a disability.

Plaintiff appealed the ALJ's decision and the Appeals Council denied Plaintiff's request for review, rendering the ALJ's August 2, 2006 decision the final decision of the Commissioner of Social Security ("Commissioner").

On December 26, 2006, Plaintiff sought judicial review of the Commissioner's final decision in this Court pursuant to 42 U.S.C. § 405(g). Both parties have filed motions for summary judgment, which this Court referred to Magistrate Judge Steven D. Pepe. On December 27, 2007, Magistrate Judge Pepe filed his Report and Recommendation ("R&R") recommending that this Court deny Defendant's motion for summary judgment, grant, in part, Plaintiff's motion for summary judgment, and remand the case to the ALJ for further fact-finding. At the conclusion of his R&R, Magistrate Judge Pepe advises the parties that they may object and seek review of the R&R within ten days of service upon them.

Presently before the Court is Defendant's Objections to the Magistrate Judge's R&R, which were filed on February 1, 2008.[1] Plaintiff has responded to Defendant's objections

## I. Standard of Review

Under 42 U.S.C. § 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain review of such decision by a civil action . . . . The court shall have the power to enter . . . a judgment affirming,

---

[1]On January 14, 2008 and January 24, 2008, this Court granted two separate *ex parte* motions for extensions of time, giving Defendant until February 1, 2008 to file its objections.

2

> modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . . .

42 U.S.C. § 405(g) (emphasis added); *see Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994).

"Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Abbott v. Sullivan*, 905 F.2d 918, 922-23 (6th Cir. 1990)(quoting *Richardson v. Perales*, 402 U.S. 398, 401, 91 S. Ct. 1420, 1427 (1971)). The Commissioner's findings are not subject to reversal because substantial evidence exists in the record to support a different conclusion. *Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

The parts of an R&R to which a party objects will be reviewed by the court *de novo*. *See* FED. R. CIV. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001).

## II. Analysis

### A. Five-Step Sequential Process

An ALJ considering a disability claim is required to follow a five-step sequential process to evaluate the claim. 20 C.F.R. § 404.1520(a)(4). If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ makes his or her decision and does not proceed further. *Id.* If, however, the ALJ cannot find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step. *Id.* "Through step four, the

claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work, but at step five of the inquiry . . . the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). The five-step sequential process is as follows:

> 1. First, the ALJ considers whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. 404.1520(a)(4)(i).[2]
>
> 2. Second, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities. *Id.* §§ 404.1520(a)(4)(ii) and (c).[3]
>
> 3. Third, the ALJ considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* § 404.1520(a)(4)(iii). If the claimant's impairment meets any Listing he or she is determined to be disabled regardless of other factors. *Id.*[4]

---

[2] The ALJ concluded that Plaintiff "has not engaged in substantial gainful activity since May 9, 2004, the alleged onset date." (Tr. 14.)

[3] The ALJ concluded that Plaintiff "has the following severe combination of impairments: systemic lupus erythematosus; asthma; allergic rhinitis; gastroesophageal reflux disorder; and coagulation disorder." (Tr. 14.)

[4] The ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." (Tr. 15.)

4. Fourth, the ALJ assesses the claimant's residual functional capacity and past relevant work to determine whether the claimant can perform his or her past relevant work. *Id.* § 404.1520(a)(4)(iv).[5]

5. Fifth, the ALJ considers the claimant's residual functional capacity, age, education, and past work experience to see if he or she can perform jobs available in the national economy. *Id.* § 404.1520(a)(4)(v). If the claimant cannot perform such work, the ALJ must find that he or she is disabled. *Id.*[6]

B. **Objection #1**

Defendant first objects to the portion of the R&R recommending that Plaintiff's application for SSI and DIB benefits be remanded to the ALJ for further fact-finding at step 3. As provided above, at step three of the evaluation, an ALJ must consider the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. A claimant

---

[5]The ALJ found that Plaintiff "has the residual functional capacity for unskilled entry level sedentary work that would never require her to lift over 10 pounds; that would afford complete freedom to change positions throughout the work day and perform the assigned tasks; jobs that could be performed in a seated position permitting some elevation of her legs to foot stool height; jobs that would be performed indoors where there would be no extremes of heat and cold and no direct contact with sunlight; jobs in a relatively pollutant-free environment where there would be limitations on dust, fumes, and atmospheric pollutants; jobs that would not be performed at unprotected heights require any driving or climbing or work around dangerous or hazardous machinery; jobs that are simple and routine in nature and not requiring more than a few steps in the completion of the assigned tasks; and jobs that are low in stress with limited contact with the public, co-workers and supervisors." (Tr. 17.) The ALJ also found that Plaintiff is "unable to perform any past relevant work." (Tr. 20.)

[6]The ALJ determined that, "[c]onsidering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs in the national economy that the [she] can perform." (Tr. 20.)

whose impairment meets or equals a listed impairment is deemed disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

Plaintiff maintains that her impairment meets or equals Listing 14.02 Systemic lupus erythematosus ("SLE"), specifically Listing 14.02B. Listing 14.02 provides:

> **14.02 Systemic lupus erythematosus.** Documented as described in 14.00B1, with:
> A. One or more of the following:
> 1. Joint involvement, as described under the criteria in 1.00; or
> 2. Muscle involvement, as described under the criteria in 14.05; or
> 3. Ocular involvement, as described under the criteria in 2.00ff; or
> 4. Respiratory involvement, as described under the criteria in 3.00ff; or
> 5. Cardiovascular involvement, as described under the criteria in 4.00ff or 14.04D; or
> 6. Digestive involvement, as described under the criteria in 5.00ff; or
> 7. Renal involvement, as described under the criteria in 6.00ff; or
> 8. Hematologic involvement, as described under the criteria in 7.00ff; or
> 9. Skin involvement, as described under the criteria in 7.00ff; or
> 10. Neurological involvement, as described under the criteria in 11.00ff; or
> 11. Mental involvement, as described under the criteria in 12.00ff.
> or
> B. Lesser involvement of two or more organs/body systems listed in paragraph A, with significant, documented, constitutional symptoms and signs of severe fatigue, fever, malaise, and weight loss. At least one of the organs/body systems must be involved to at least a moderate level of severity.

20 C.F.R. pt. 404, subpt. P, App. 1, § 14.02.

This Court agrees with Magistrate Judge Pepe and believes that remand for a determination on whether Plaintiff's impairments meet or equal Listing 14.02B is necessary. As quoted above, Listing 14.02B contains specific criteria that are used to determine whether a claimant's impairment meets or equals the SLE listing. The ALJ quoted the specific criteria in Listing 14.02B in describing counsel for Plaintiff's argument, but failed to discuss the specific Listing 14.02B criteria as it relates to his general finding that Plaintiff's "impairment does not meet or equal one of the listed impairments."[7] (*See* Tr. 15-16.) Although the ALJ *may* have considered all or some of the medical evidence, due to the fact that the ALJ failed to discuss the basis for his conclusion that Plaintiff's "impairment does not meet or equal one of the listed impairments" using the specific criteria in Listing 14.02B, this Court cannot determine whether the ALJ's conclusion at step three is supported by substantial evidence. A determination of whether Plaintiff's impairment meets or equals Listing 14.02B is a determination for the ALJ to make in the first instance. *See Nowlen v. Comm'r of Soc. Sec.*, 277 F. Supp. 2d 718, 725 (E.D. Mich. 2003)(stating that a decision on whether a claimant's impairment meets or equals a listed impairment is a decision for the ALJ in the first instance). Therefore, this Court will remand Plaintiff's application to the ALJ to determine whether Plaintiff's impairment meets or equals Listing 14.02B by applying the

---

[7]For example, after concluding generally that Plaintiff's "impairment does not meet or equal one of the listed impairments," (Tr. 16), the ALJ goes on to state that Plaintiff "has the following moderate mental limitations set forth in 'Part B' of the mental listings . . . ." (*Id.*) As Magistrate Judge Pepe noted, it is unclear whether the ALJ concluded that Plaintiff's "mental involvement" is moderately impaired or whether the ALJ is undergoing a separate analysis that does not involve Listing 14.02B.

specific criteria listed therein.

### C.     Objection #2

Defendant also takes issue with Magistrate Judge Pepe's R&R to the extent that it recommends remand based on the inadequacy of the ALJ's hypothetical question. In his R&R, Magistrate Judge Pepe opines that the ALJ's hypothetical question failed to account for Plaintiff's "moderate difficulties in maintaining concentration, persistence, or pace." (*See* Tr. 16.) Defendant argues that the ALJ's hypothetical question did account for Plaintiff's mental limitations.

Following a finding that the claimant does not have the residual functional capacity to perform his or her past relevant work, the burden shifts to the Commissioner to show that the claimant possesses the capacity to perform jobs that are available in the national economy. 20 C.F.R. § 404.1520(a)(4)(v); *see also Varley v. Sec'y of Health & Human Servs.*, 820 F.3d 777, 779 (6th Cir. 1987). To meet this burden, "there must be 'a finding supported by substantial evidence that [plaintiff] has the vocational qualifications to perform specific jobs.'" *Varley*, 820 F.2d at 779 (alterations in original)(quoting *O'Banner v. Sec'y of Health, Educ. & Welfare*, 587 F.2d 321, 323 (6th Cir. 1978)). "Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a 'hypothetical' question, but only 'if the question accurately portrays [plaintiff's] individual and mental impairments.'" *Id.* (alterations in original)(quoting *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984)(additional citations omitted). The Sixth Circuit has held an ALJ's hypothetical question should focus on the claimant's "overall state," including the claimant's "mental and physical

8

maladies." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002).

After assessing Plaintiff's residual functional capacity and determining that Plaintiff was unable to perform her past relevant work, the ALJ posed two hypothetical questions to the VE. First, the ALJ asked the VE whether a person with Plaintiff's age, sex, educational level, work experience, and transferable skills could perform other work, to which the VE answered no. (Tr. 209.) The ALJ then asked the VE a second hypothetical question:

> Let me ask you a second hypothetical. And assume for the sake of this hypothetical that we have basically the same person, the same age, sex, educational level and work experience. If I made a finding that a person with Ms. Roundtree's background and could perform a sedentary job, a job that would never require her to lift over ten pounds. A job that would afford complete freedom to change positions throughout the workday and perform the assigned tasks. And while in a seated position that some elevation of her leg or legs would be permitted. Jobs that would be performed indoors where there would be no extremes of heat or cold and there would be no direct contact with sunlight. Jobs that would be performed in a relatively pollutant free environment where there would be limitations on dust and fumes and atmospheric pollutants. Jobs that would not be performed at any unprotected heights, require any driving or climbing or work around dangerous or hazardous machinery. As well as being simple and routine in nature, not requiring more than a very [*sic*] steps in completion of the assigned tasks. Jobs that would be low in stress and have limited contact with the public, co-workers, and with supervisors.
> . . .
> What kind of jobs, if any, would fall within the perimeters [*sic*] of this hypothetical, if any?

(Tr. 210.) In response to the ALJ's question, the VE identified three jobs: visual inspector, hand packager, and security monitor. (*Id.* at 210-11.)

9

The Court concurs with Magistrate Judge Pepe and believes that the ALJ's second hypothetical question failed to adequately portray Plaintiff's mental limitations. The ALJ's hypothetical question in this case was completely devoid of any mention of the ALJ's previous finding that Plaintiff had "moderate difficulties in maintaining concentration, persistence, or pace." As Magistrate Judge Pepe noted, with respect to the visual inspector and hand packager jobs, the ALJ's hypothetical question should have included some mention of "stress related to quotas . . . or production line work," as this would have accounted for Plaintiff's mental limitations. Had the ALJ done so, Plaintiff may well have been precluded from working as a visual inspector and hand packager. *Cf. Smith v. Halter*, 307 F.3d 377, 378-79 (6th Cir. 2001)(finding that an ALJ's hypothetical question that did mention "quotas" was adequate). Moreover, some mention of Plaintiff's "moderate difficulties in maintaining concentration, persistence, or pace" in the hypothetical question may also have precluded Plaintiff from working as a security monitor. *See Bielat v. Comm'r of Soc. Sec.*, 267 F. Supp. 2d 698, 702 (E.D. Mich. 2003)(holding that performance as a security monitor would "almost certainly be deficient" had the ALJ included mention of the plaintiff's difficulties in concentration); *see also Ramirez v. Barnhart*, 372 F.3d 546, 554 (3d Cir. 2004). Because the ALJ's second hypothetical question failed to accurately portray Plaintiff's mental limitations, the VE's answer did not constitute substantial evidence upon which the ALJ could rely to determine that Plaintiff did not have a "disability." *Varley*, 820 F.2d at 779. Therefore, remand to the Commissioner is also warranted on this basis.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Pepe's R&R is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Commissioner for further proceedings pursuant to "sentence four" of 42 U.S.C. § 405(g).

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Kenneth F. Laritz, Esq.
Janet L. Parker, AUSA